UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Cynthia Collie Holmes,<br><br>            Debtor. | C/A No. 19-01644-DD<br><br>Adv. Pro. No. 19-80053-DD<br><br>Chapter 7<br><br>**ORDER** |
| Haynsworth Sinkler Boyd, P.A.,<br><br>            Plaintiff,<br><br>v.<br><br>Cynthia Collie Holmes,<br><br>            Defendant. | |

   THIS MATTER is before the Court on Cynthia Holmes's ("Defendant") Motion to Dismiss ("Motion") the complaint in this adversary proceeding. The complaint seeks a determination that the debt due the plaintiff, Haynsworth Sinkler Boyd, P.A. ("HSB"), by Defendant is not discharged by Defendant's bankruptcy pursuant to 11 U.S.C. § 523(a)(6). Defendant filed the original Motion on October 11, 2019 and amended the Motion on December 2, 2019. On December 3, 2019, HSB filed an objection to the Motion. On December 11, 2019, Defendant filed a memorandum to supplement her Motion. The Court held a hearing on December 17, 2019. For the reasons below, the Court grants Defendant's Motion.

**BACKGROUND**

   This matter stems from litigation commenced by Defendant against East Cooper Community Hospital ("East Cooper"). Defendant is both an ophthalmologist and an attorney. On September 10, 1997, Defendant lost her privileges to treat patients at East Cooper. On May 5, 1998, HSB began representing Defendant and pursued an unsuccessful appeal for reinstatement of Defendant's privileges at East Cooper. At Defendant's behest, HSB filed a lawsuit in federal court

and requested a temporary injunction to reinstate Defendant's privileges at East Cooper. On November 22, 1999, the United States District Court for the District of South Carolina granted the temporary injunction. The court's decision to grant the temporary injunction was based, in part, on Defendant's statement in an affidavit that her patients needed prompt surgeries and that her inability to perform such surgeries was causing her to lose patients. The district court dissolved the temporary injunction on January 25, 2000, finding that Defendant did not perform any surgeries subsequent to the temporary injunction. Thereafter, a fee dispute arose between Defendant and HSB, and the relationship between Defendant and HSB quickly deteriorated.

The district court granted summary judgment in East Cooper's favor on April 17, 2000. Defendant then sought the repayment of attorney's fees she remitted to HSB for legal services up to that point. HSB refused. On April 1, 2002, Defendant filed a complaint against HSB, alleging professional malpractice and several other claims.[1] Defendant filed her summons and complaint in Charleston County. On July 2002, HSB successfully moved to transfer venue to Richland County. Litigation over various issues, including venue and Defendant's attempt to proceed under a pseudonym, continued for several years. On March 29, 2007, the circuit court transferred venue back to Charleston County, and the case proceeded. Trial began on June 8, 2009. On June 12, 2009, the circuit court granted HSB's directed verdict as to all causes of action. The court cited multiple reasons for its decisions. One such reason was Defendant's failure to present any evidence or expert testimony to establish the elements of her claims. The court signed the formal order to this effect on July 14, 2009.

---

[1] Defendant also included claims for breach of contract, quantum meruit, breach of fiduciary duty, violation of the Unfair Trade Practices Act, abandonment, civil conspiracy, promissory estoppel, constructive fraud, conversion, negligent misrepresentation, negligent supervision, fraud, and misrepresentation.

2

Thereafter, HSB moved for sanctions against Defendant under Rule 11 of the South Carolina Rules of Civil Procedure, the Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. § 15-36-10, and pursuant to the court's inherent authority to award attorneys' fees where the losing party has acted in bad faith. The circuit court granted HSB's motion for sanctions on November 18, 2009 in the amount of $200,000.00 (the "Judgment"). In its order granting HSB's motion for sanctions, the court expounded:

> [Defendant] filed a non-meritorious and baseless lawsuit. Prior to filing suit, [Defendant] obviously conducted no serious investigation of the facts she would be required to prove to substantiate her wide-ranging claim. Rather, the entire tenor of Dr. Holmes' case appears to be <u>her belief</u> that she is right and her former lawyers and 4 other courts are all wrong. [Defendant] failed to develop any evidence that could satisfy her burden of proof at trial. Any reasonable attorney would conclude that [Defendant's] entire case was completely frivolous and was brought, and continued for seven years, without any reasonable basis.
>
> [Defendant] engaged in dilatory litigation tactics and appealed numerous interlocutory matters, including orders regarding venue and several orders on discovery matters. These appeals were likewise frivolous and dilatory. [Defendant] also has submitted numerous affidavits and memoranda accusing [HSB] and defense counsel of engaging in all manner of inappropriate and abusive conduct, each of which has been dismissed and discounted by the Court, and all of which were submitted without reasonable basis. [Defendant] has never accepted the rulings of the Court and has moved for reconsideration on each and every order denying whatever relief she sought, sometimes multiple times.
>
> . . . . [Defendant] presented no expert testimony regarding the essential elements of her attorney malpractice claim and presented no testimony or evidence that anything done by [HSB] or not done by [HSB] was wrong. Furthermore, the record contains no evidence that [Defendant] suffered any damages as a proximate result of anything [HSB] either did or did not do. In short, [Defendant's] claims were so utterly baseless and lacking in any evidentiary support that no reasonable lawyer, judge, or jury could conceivably think her claims had any merit whatsoever.
>
> . . . . Given my opportunities to observe and hear [Defendant], I have no doubt she is sincere in her beliefs about this case. It is just that her beliefs are not reasonable. Any competent, reasonable attorney would reach this conclusion. Some of her unreasonable conclusions can be attributed to the fact that she has never really practiced law in any real sense of those words . . . [H]er entire case consisted of a belief that everything bad that has happened in her career was the fault of [HSB].

> Sadly, her blame was, and is, totally misplaced. This case never should have been brought in the first place.
>
> . . . . I find that [Defendant's] case against [HSB] was completely baseless and that she is subject to sanction based upon the inherent authority of courts to sanction litigants who act in bad faith, vexatiously, that is, without proper grounds, or for oppressive and improper purposes. *It is not her actual intent to harm, but harm is the reasonably foreseeable outcome*.

*Holmes v. Haynsworth, Sinkler & Boyd, P.A.*, No. 07-cp-10-1444 (S.C. Ct. Com. Pl. Nov. 18, 2009) (emphasis added). On June 4, 2014, the Supreme Court of South Carolina affirmed the circuit court's decision in *Holmes v. Haynsworth, Sinkler & Boyd, P.A.*, 760 S.E.2d 399 (S.C. 2014), *finding on claims against other defendants abrogated by Stokes-Craven Holding Corp. v. Robinson*, 787 S.E.2d 485 (S.C. 2016).

In 2017, HSB commenced formal efforts to collect the Judgment, filing its Verified Petition on January 3, 2017 in the Court of Common Pleas for Charleston County. In response, Defendant filed two motions for sanctions, two motions to set aside the Judgment, and a motion to dismiss. The court entered an order striking all motions filed by Defendant. Defendant subsequently filed three appeals with the South Carolina Court of Appeals and a Petition for Writ of Certiorari with the South Carolina Supreme Court. All appeals were dismissed, and the Supreme Court of South Carolina denied Defendant's Petition.

On November 1, 2017, Defendant filed a complaint against HSB and other defendants in the United States District Court for the District of South Carolina (the "District Court case"), asserting a cause of action for HSB's alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA"), along with other causes of action.[2] On July 11, 2018, HSB filed a motion to dismiss. On October 31, 2018, the United States Magistrate Judge issued a report and recommendation ("R&R"), recommending that one of the defendants, Judge Mikell

---

[2] The civil docket number for the district court case is 2:17-cv-02949-BHH.

4

Scarborough, a state court judicial officer, be dismissed as a party-defendant; that Defendant's federal causes of action be dismissed; and that Defendant's remaining state law causes of action be dismissed without prejudice. [Docket No. 71 in the District Court case]. The district court entered an order adopting the R&R and granting HSB's Motion to Dismiss on March 29, 2019.[3] [Docket No. 95 in the District Court case].

The Magistrate entered a text order denying Defendant's motion to strike and motion to stay on June 13, 2018. [Docket No. 24 in the District Court case]. On September 7, 2018, Defendant filed a motion for reconsideration of the Magistrate's order. [Docket No. 50 in the District Court case]. The Magistrate entered a text order denying Defendant's motion for reconsideration on September 24, 2018. [Docket No. 59 in the District Court case]. Defendant then appealed the Magistrate's text order denying her motion to reconsider to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit granted HSB's motion to dismiss the appeal for lack of jurisdiction because the Magistrate's order was neither a final order nor an appealable interlocutory or collateral order. The Fourth Circuit also denied Defendant's motion for an enlargement of time. Prior to the district court's dismissal of her case and while the district court was considering the Magistrate's R&R, Defendant filed a chapter 7 bankruptcy petition on March 22, 2019.

HSB filed its adversary complaint (the "Complaint") on August 12, 2019, asking this Court to deny Defendant a discharge on the Judgment. HSB's Complaint alleges that Defendant's malpractice action and continuation of that action constituted willful and malicious harm and abuse of process, and thus the Judgment is non-dischargeable under 11 U.S.C. § 523(a)(6).

---

[3] Defendant subsequently appealed that order.

## DISCUSSION

In Defendant's Motion, she presents two arguments for why the adversary case should be dismissed and why she should be granted a discharge as to the Judgment. First, Defendant argues that the Judgment from the circuit court specifically states that Defendant did not have the intent to harm, and thus Defendant's action against HSB did not constitute a "willful and malicious injury" for purposes of § 523(a)(6). Second, Defendant argues that the Judgment has expired because it is over ten years old, and thus there is no longer a debt to discharge. The Court will address each of Defendant's arguments below.

## STANDARD OF REVIEW

A motion filed under Rule 12(b)(6) challenges the legal sufficiency of the complaint and provides that a party may move to dismiss for failure to state a claim upon which relief can be granted. The legal sufficiency of the complaint is measured by whether it meets the standards for a pleading set forth in Rule 8, which provides the general rules of pleading, and Rule 12(b)(6), which requires a complaint to state a claim upon which relief can be granted. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Rule 8 provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 may have previously been accepted as setting forth a "notice pleading" standard, the Supreme Court has since amplified this standard.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A complaint meets the plausibility standard when it "articulate[s] facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility of "entitlement to

6

relief.'"'" *Giacomelli*, 588 F.3d at 193 (quoting *Iqbal*, 556 U.S. at 678). The pleader must provide more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). In reviewing claims for failure to state a claim, a court must construe the allegations in the light most favorable to the plaintiff.

**Section 108(c)**

In Defendant's supplemental memorandum in support of her Motion, she argues that the Judgment has expired because HSB did not execute on the judgment within ten (10) years from the date of the original entry of the Judgment as required by S.C. Code Ann. § 15-39-30 — a statute of repose that provides a fixed period during which HSB may execute on the Judgment. Defendant argues that § 15-39-30 precludes the extension or tolling of this ten-year collection period for any reason. Specifically, Defendant argues that 11 U.S.C. § 108(c) does not toll or extend the collection period because § 108(c) does not toll or extend the fixed collection period imposed by a statute of repose. Therefore, according to Defendant, the fixed period under which HSB could execute on the Judgment expired while her bankruptcy case was pending, and thus it is extinguished.

HSB, on the other hand, argues that the Judgment has not expired because the automatic stay imposed by 11 U.S.C. § 362 prevented HSB from executing on the Judgment. Accordingly, because it was unable to execute on the Judgment, HSB argues that it does not expire under § 108(c) until thirty (30) days after the termination or expiration of the stay. Therefore, under HSB's reasoning, § 108(c) gives HSB thirty (30) days after the termination or expiration of the stay[4] to collect on the Judgment. The Court agrees with HSB.

---

[4] The automatic stay, unless relief is granted, continues as to acts against property of the estate until such property is no longer property of the estate, *see* §362(c)(1), and as to other acts until the earliest of case closing, case dismissal, or granting or denial of discharge, *see* § 362(c)(2).

7

Section 15-39-30 of the South Carolina Code provides a fixed period during which a creditor may execute on a judgment. The statute provides the following:

> Executions may issue upon final judgments or decrees at any time *within ten years from the date of the original entry thereof* and shall have *active energy during such period, without any renewal or renewals thereof*, and this whether any return may or may not have been made during such period on such executions.

S.C. Code Ann. § 15-39-30. According to the statute's plain language, a creditor has ten (10) years to execute on a judgment from the date it is entered. The South Carolina Supreme Court has held that the ten-year period to execute on a judgment under § 15-39-30 is a nonrenewable, fixed period. *See Gordon v. Lancaster*, 823 S.E.2d 173, 176 (S.C. 2018). In *Gordon*, the court stated the following regarding the collection period for a judgment lien:

> A judgment lien is purely statutory, its duration as fixed by the legislature may not be prolonged by the courts and the bringing of an action to enforce the lien will not preserve it beyond the time fixed by the statute, if such time expires before the action is tried.

*Gordon*, 823 S.E.2d at 176 (internal quotation marks omitted) (citing *Garrison v. Owens*, 189 S.E.2d 31, 33 (S.C. 1972)). Therefore, as Defendant argues, § 15-39-30 sets a fixed time period during which a creditor may execute on a judgment.

However, as HSB argues, the Bankruptcy Code provides an exception to the general rule that the collection period for a judgment may not be tolled under § 15-39-30 where the execution period expires during the automatic stay period imposed by 11 U.S.C. § 362(a). Pursuant to 11 U.S.C. § 108(c), the period during which the Judgment may be executed does not expire until thirty (30) days after the termination of the stay imposed by § 362. Section 108(c) provides, in relevant part:

> [I]f applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, . . . and such

8

> period has not expired before the date of the filing of the petition, then such period *does not expire until* the later of—
>
> > (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> >
> > (2) *30 days after notice of the termination or expiration of the stay under section 362 . . . of this title.*

11 U.S.C. § 108(c) (emphasis added). Therefore, although § 15-39-30 — an applicable nonbankruptcy law — sets a fixed period under which a creditor may execute on a judgment,[5] § 108(c) of the Bankruptcy Code provides that if a judgment's collection period expires during the automatic stay imposed by § 362, the collection period will be extended thirty (30) days after the stay expires. *See* 11 U.S.C. § 108(c). In this case, § 108(c) enables HSB to collect on the Judgment for thirty (30) days after the expiration of the automatic stay imposed by § 362.

Therefore, the Court denies Defendant's Motion to Dismiss as to her argument that the Judgment has expired. Under Section 108(c) of the Bankruptcy Code, the Judgment does not expire until thirty (30) days after the expiration of the automatic stay imposed by § 362. Defendant's argument that the complaint should be dismissed because the Judgment has expired is thus unavailing.

**Section 523(a)(6)**

Section 523(a)(6) provides that a debt is not dischargeable in a bankruptcy if it arises from a "willful and malicious injury by the debtor to another entity or property of another entity[.]" This requires not only that the debtor's act was intentional, but that the debtor engaged in the conduct with the "intent to injure." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998).

---

[5] Section 108(c) is derived from section 11f of the former Bankruptcy Act which was limited to statutes of limitation for commencing actions. However, § 108(c) is broader and applies to the continuation of actions. *See generally* 2 Collier on Bankruptcy ¶ 108.04 (Richard Levin & Henry J. Sommer eds., 16th ed.) (noting that a continuing action includes collection efforts).

9

> The Supreme Court and this court have decided that a debt arising from an injury attributable to mere negligent or reckless conduct does not satisfy the "willful and malicious" requirement of (a)(6); in addition, it is not enough that the conduct underlying the injury was intentional. Rather, the debtor must have engaged in such conduct with the actual intent to cause injury.

*TKC Aerospace, Inc. v. Muhs (In re Muhs)*, 923 F.3d 377, 385 (4th Cir. 2019), *cert. denied sub nom. TKC Aerospace Inc. v. Muhs*, No. 19-293, 2019 WL 6689675 (Dec. 9, 2019); *see also Kawaauhau*, 523 U.S. at 61 (emphasis in original) ("[N]ondischargeabilty takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury."); *Duncan v. Duncan (In re Duncan)*, 448 F.3d 725, 729 (4th Cir. 2006) (citations omitted) ("Moreover, the mere fact that a debtor engaged in an intentional act does not necessarily mean that he acted willfully and maliciously for purposes of § 523(a)(6).").

In this adversary proceeding, the debt complained of arises from findings by a state court. We turn then to those findings and their relationship to the elements of § 523(a)(6). "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *In re Williams*, 553 B.R. 550, 553 (Bankr. D.S.C. 2016) (quoting *Allen v. McCurry,* 449 U.S. 90, 94 (1980)). The Fourth Circuit has held that state court judgments can collaterally estop the litigation of issues in adversary proceedings in federal bankruptcy court, including the finding of a willful and malicious injury for nondischargeability purposes. *See LeCann v. Cobham (In re Cobham)*, 669 F. App'x. 171 (4th Cir. 2016); *Duncan*, 448 F.3d at 728; *Sartin v. Macik*, 535 F.3d 284, 287–88 (4th Cir. 2008); *but see Muhs*, 923 F.3d at 384 (quoting *In re McNallen*, 62 F.3d 619, 625 (4th Cir. 1995)) ("Although collateral estoppel may well preclude a bankruptcy court from relitigating previously-decided issues, the ultimate issue of dischargeability is a legal issue, and exceptions to discharge are narrowly construed."). Unlike in *Muhs*, where the underlying judgment did not reach the issue of specific intent to injure, the state

court in this instance specifically found it was not Defendant's actual intent to harm. Some courts[6] find the *Kawaauhau* test can be met by an intentional act with harm that is reasonably foreseeable. However, *Muhs,* while holding that willful and malicious conduct under Alaska law (which did not require a finding of intent to injure) is not the equivalent of willful and malicious injury under § 523(a)(6), notes the bankruptcy statute requires "specific intent to injure," thus non-dischargeability cases predicated on an objective test for reasonably foreseeable injury are not helpful in the Fourth Circuit.

When considering whether collateral estoppel should be employed, the bankruptcy court applies the law of the court issuing the prior judgment. *Duncan*, 448 F.3d at 728.  Thus, in this case, South Carolina law is applicable.  Under South Carolina law, "[t]he party asserting collateral estoppel must demonstrate that the issue in the present lawsuit was: (1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment." *Carolina Renewal, Inc. v. S.C. Dep't of Transp.*, 684 S.E.2d 779, 782 (S.C. Ct. App. 2009) (citing *Beall v. Doe*, 315 S.E.2d 186, 189–90 n.1 (S.C. Ct. App. 1984)).  "The doctrine of collateral estoppel prevents the relitigation of *issues*, not claims, necessarily determined in a former proceeding regardless of whether the identity of the causes of action in successive lawsuits are the same." *Id.* at 783 (emphasis in original) (citing *Judy v. Judy*, 677 S.E.2d 213, 217 (S.C. Ct. App. 2009) ("Collateral estoppel applies to specific issues, regardless of whether the claims in the first and subsequent suits are the same."), *aff'd*, 712 S.E.2d 408 (S.C. 2011)).

In the state court action, Defendant was sanctioned under Rule 11, SCRCP, the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. § 15-36-10, and the court's

---

[6] For example, see *Kane v. Stewart Tilghman Fox & Bianchi, P.A. (In re Kane)*, 755 F.3d 1285, 1293 (11th Cir. 2014) and *Shcolnik v. Rapid Settlements, Ltd. et al. (In re Shcolnik)*, 670 F.3d 624, 630 (5th Cir. 2012).

inherent authority. Under Rule 11, "an attorney may be sanctioned for filing a frivolous pleading, motion, or other paper, or for making frivolous arguments. The attorney may also be sanctioned for filing a pleading, motion, or other paper in bad faith (i.e., to cause unnecessary delay) whether or not there is good ground to support it." *Burns v. Universal Health Servs. Inc.*, 532 S.E.2d 6, 9 (S.C. Ct. App. 2000) (citations omitted).

The Frivolous Civil Proceedings Sanctions Act provides that a party shall be sanctioned for a frivolous claim if she failed to comply with one of the following conditions:

(a) a reasonable attorney in the same circumstances would believe that under the facts, his claim or defense was clearly not warranted under existing law and that a good faith or reasonable argument did not exist for the extension, modification, or reversal of existing law;

(b) a reasonable attorney in the same circumstances would believe that his procurement, initiation, continuation, or defense of the civil suit *was intended merely to harass or injure the other party*; or

(c) a reasonable attorney in the same circumstances would believe that the case or defense was frivolous as not reasonably founded in fact or was interposed merely for delay, or was merely brought for the purpose other than securing proper discovery, joinder of proposed parties, or adjudication of the claim or defense upon which the proceedings are based.

S.C. Code Ann. § 15-36-10(C)(1) (emphasis added).

While the state court found that Defendant had no logical or reasonable basis for bringing her claims against HSB, it did not make a finding that her actions were intended to injure HSB. Although she may have acted in bad faith and vexatiously, the Court determined that Defendant was motivated by the "belief that everything bad that has happened in her career was the fault of [HSB]," and that "she is sincere in her beliefs about this case. It is just that her beliefs are not reasonable." *See In re Rackley*, 502 B.R. 615, 632 (Bankr. N.D. Ga. 2013) (citing *In re Wrenn,* 791 F.2d 1542 (11th Cir. 1986)) ("The prosecution of a frivolous claim or defense in federal court may result in sanctions being imposed on a litigant or his attorney. But such conduct without a specific

showing of an intent to cause injury cannot alone satisfy the requirements of section 523(a)(6)."); *Burris v. Burris (In re Burris)*, 598 B.R. 315, 338 (Bankr. W.D. Okla. 2019) (quoting Paul Fisher, *The Power Tools of Estate Conflict Management*, 24 Jun. PROB. & PROP. 41 (2010)) ("Moreover, 'scorched earth litigation [often occurs] when people have such strong emotional issues that the money becomes irrelevant.'"); *Bryant v. Rogers (In re Rogers)*, 239 B.R. 318, 321 (Bankr. E.D.N.C. 1999) (finding that state law Rule 11 sanctions for pursuing a frivolous counterclaim for legal malpractice were dischargeable because the attorney believed the claim was justified).

Indeed, when discussing the court's inherent authority to award attorney's fees where the losing party has "acted in bad faith, vexatiously, or for oppressive reasons," *see e.g.*, *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975), the state court made a specific finding that Defendant ***did not*** intend to injure HSB. In light of this specific finding by the state court, this Court cannot determine that HSB's Complaint, which incorporated the Judgment, plausibly pled that any injury caused by Defendant to HSB was willful and malicious and thereby within the dischargeability exception of § 523(a)(6) in order to meet the standards under Rule 12(b)(6).

Further, the facts and findings of the Judgment do not support an inference that Defendant's purpose was to injure HSB as opposed to a purpose of pursuing, albeit recklessly, her claim of malpractice. These findings and conclusions cannot be ignored here simply because it is presented under a nondischargeability action. *See Burris*, 598 B.R. at 335 (citing numerous cases) ("Section 523(a)(6)'s criterion of willful and malicious injury is often a 'heightened standard' compared to various state law requirements under which attorneys fees are awarded, sanctions or treble damages imposed, or contempt is found . . . Similarly, debts stemming from violation of professional ethics codes are not *per se* nondischargeable, even if the debtor's actions violated state law."). There are no other allegations of the Complaint to plausibly plead that HSB's injury

was willful and malicious, that the injury was intended by Defendant, or that the Defendant knew her acts were substantially certain to cause injury. Based on the foregoing, HSB's Complaint must be dismissed as it fails to state a claim for relief that its debt arising from the Judgment is excepted from Defendant's discharge under § 523(a)(6).

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss HSB's complaint is granted and the adversary proceeding is dismissed.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**01/07/2020**



David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

Entered: 01/07/2020